FILED
U.S. DISTRICT COURT
DIV.
2012 AUG 20 AM 10: 48
CLERK R Cuk
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

JERRY CALHOUN,

   Petitioner,

vs.

GLEN JOHNSON, Warden,

   Respondent.

CIVIL ACTION NO.: CV212-080

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Jerry Calhoun ("Calhoun"), who is currently incarcerated at Ware State Prison in Waycross, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his conviction obtained in the Appling County Superior Court. Respondent filed an Answer-Response and a Motion to Dismiss. Calhoun filed a Response. For the reasons which follow, Respondent's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

Calhoun was convicted, after pleading guilty, in Appling County Superior Court on August 24, 1998, of aggravated assault, arson, and malice murder. Calhoun was sentenced to life imprisonment without the possibility of parole. (Doc. No. 10-4, p. 54). On November 28, 2011, Calhoun filed an extraordinary motion for new trial (Doc. No. 10-4, pp. 67-77), which was denied on December 30, 2011. (Doc. No. 10-4, pp. 85-86). His appeal of the denial of his motion for new trial was dismissed on February 27, 2012.

Calhoun then filed a notice of out of time appeal in the trial court on March 8, 2012, which the trial court dismissed. (Doc. No. 10-7). The Georgia Supreme Court dismissed Calhoun's appeal of this denial on July 2, 2012. http://www.gasupreme.us/docket_search/results_one_record.php?caseNumber=S12A1313.

Calhoun filed this petition on March 29, 2012. Calhoun asserts that his right to due process was violated. Calhoun also asserts that he was improperly convicted and sentenced to surplusage counts, and the trial court was without jurisdiction in his case, which involved a capital felony. Calhoun avers that he was subjected to self-incrimination, in violation of the Fifth Amendment. Calhoun stated that his plea was involuntary because he was not advised of the essential elements of the crimes to which he pleaded guilty. Finally, Calhoun asserts that his trial counsel was ineffective because his attorney did not conduct a proper investigation of his case.

Respondent contends Calhoun's petition should be dismissed as being untimely filed. Calhoun responds that equitable tolling of the applicable statute of limitations is appropriate in this case.

## DISCUSSION AND CITATION TO AUTHORITY

A prisoner must file a petition for writ of habeas corpus in federal court within one (1) year. 28 U.S.C. § 2244(d)(1). This statute of limitations period shall run from the latest of four possible dates:

> The limitation period shall run from the latest of—
>
> (A) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of time for seeking such review;

(B) the date on which the impediment to filing an application by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Calhoun's conviction became final at the time of his completion of the direct review process or when the time for seeking such review became final. 28 U.S.C. § 2244(d)(1)(A); Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000). Calhoun was sentenced in the Appling County Superior Court on August 24, 1998. Calhoun did not file a direct appeal. Thus, his conviction became final on or about September 23, 1998.[1] O.C.G.A. § 5-6-38(a) ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of[.]"). Because Calhoun's conviction became final on September 23, 1998, he had one year from that date in which to file a timely federal habeas petition. 28 U.S.C. § 2244(d)(1).

The applicable statute of limitations is tolled during "[t]he time . . . which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); Taylor v. Williams, 528 F.3d 847, 849 (11th Cir. 2008). "[A]n application is pending as long as the ordinary state collateral review process is in continuance- i.e., until the completion of

---

[1] Calhoun's prosecution was a death penalty case, which was later waived. (Doc. No. 10-1, p. 31; Doc. No. 10-4, p. 39). Pursuant to O.C.G.A. § 5-6-38(c), in cases "involving a capital offense for which the death penalty is sought, such appeal shall be brought as provided in Code Section 17-10-35.1." O.C.G.A. 17-10-35.1 provides for appeals concerning pretrial proceedings, and it does not appear that Calhoun challenges any pretrial proceedings. Thus, O.C.G.A. § 17-10-35.1 is not applicable.

3

that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains pending." Carey v. Saffold, 536 U.S. 214, 219-20 (2002) (internal citations omitted). A petitioner should be mindful that "once a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas deadline does not revive" the statute of limitations period applicable to section 2254 petitions. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004); see also Alexander v. Sec'y, Dep't of Corr., 523 F.3d 1291, 1294 (11th Cir. 2008) (a state court motion for post-conviction relief cannot toll the federal limitations period if that period has already expired).

Calhoun's conviction became final on September 23, 1998, and he filed his extraordinary motion for a new trial on November 28, 2011. By that time, the statute of limitations period applicable to section 2254 petitions had expired, and there was nothing properly filed in the state courts which tolled the applicable federal statute of limitations period.

Having determined that statutory tolling is not available to Calhoun, the Court must now decide whether he is entitled to equitable tolling of the statute of limitations. A petitioner seeking equitable tolling must establish "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" which prevented him from timely filing his § 2254 petition. Lawrence v. Florida, 549 U.S. 327, 335 (2007) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Equitable tolling is "an extraordinary remedy that must be applied sparingly[,]" and a petitioner must present a "truly extreme case." Holland v. Florida, 539 F.3d 1334, 1338 (11th Cir. 2008), overruled on other grounds by Holland v. Florida, ___ U.S. ___, 130 S. Ct. 2549 (June

AO 72A
(Rev. 8/82)

14, 2010). "'The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner.'" Id. (quoting Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002)).

Calhoun has not shown that he is entitled to equitable tolling of the one-year statute of limitations period applicable to section 2254 petitions, despite his bare assertion that he practiced due diligence to discover errors in the judgment against him. (Doc. No. 11, p. 2). A review of the record in this case reveals that a fellow inmate filed a request for copies, on Calhoun's behalf, with the Appling County Superior Clerk's Office, in his criminal case on August 9, 2001. (Doc. No. 10-3, p. 8). However, Calhoun filed nothing with any court until November 28, 2011, and there is no evidence that Calhoun pursued any matter relating to his criminal case for more than ten (10) years. See Holland, ___ U.S. at ___, 130 S. Ct. at 2565 (noting that the "diligence required for equitable tolling purposes is 'reasonable diligence', not 'maximum feasible diligence'[.]") (internal citations omitted).

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Calhoun's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be **DISMISSED**, with prejudice, as it was not timely filed.

**SO REPORTED** and **RECOMMENDED**, this 20th day of August, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)